UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARNELL J. NELSON,

                    Plaintiff,

        v.

HENRY PAULSON, Secretary of the Treasury
Department, and ELAINE CHAO, Secretary of
the Department of Labor,

                    Defendants.

CASE NO. C08-1034-JCC

ORDER

This matter comes before the Court on Defendant Elaine Chao's Motion to Dismiss (Dkt. No. 26), Plaintiff's Response (Dkt. No. 30), and Defendant's Reply (Dkt. No. 31). The Court has carefully considered these papers and their supporting declarations and exhibits, and has determined that oral argument is not necessary. The Court hereby GRANTS the motion and rules as follows.

I.      BACKGROUND

On July 7, 2008, Plaintiff Darnell Nelson, a former employee of the Internal Revenue Service ("IRS"), filed a complaint against Defendant Henry Paulson, Secretary of the Treasury, for claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, alleging unlawful employment practices and negligence by Defendant. (*See*

ORDER – 1

Compl. (Dkt. No. 1).) Thereafter, Plaintiff amended his complaint and added Defendant Elaine Chao, Secretary of the United States Department of Labor (the "DOL"), alleging generally that the DOL was negligent in the administration of his claim under the Federal Employee's Compensation Act ("FECA"). (*See* Am. Compl. ¶¶ 21, 26 (Dkt. No. 12 at 4–6).) Plaintiff alleges that the DOL harassed and retaliated against him and was grossly negligent by "wrongfully and repeatedly denying disability payments and prescribed medical care from April 1, 2006, through September 20, 2007." (*Id.* ¶ 21.)

In January 2000, Plaintiff submitted to the Office of Workers Compensation ("OWCP") a notice of injury and claim for compensation under FECA for an injury sustained during the course of his federal employment. (Duncan Decl. ¶ 2 (Dkt. No. 26-3 at 1).) On March 28, 2000, OWCP accepted Plaintiff's claim for back-related injuries. (*Id.* ¶ 3.) On February 5, 2001, Plaintiff filed a claim for recurrence of disability. (*Id.* ¶ 4.) Plaintiff also submitted a complaint to OWCP alleging that it had failed to provide timely service or reimbursement for the costs incurred from his injury. (*See* Feb. 5, 2001 Letter (Dkt. No. 30 at 3–4).) After initial development of his claim for recurrence, OWCP denied Plaintiff's claim for compensation on April 9, 2001. (Duncan Decl. ¶ 5 (Dkt. No. 26-3 at 2).) Subsequently, on June 5, 2001, OWCP denied Plaintiff's request for reconsideration, finding that the medical evidence of record did not support a spontaneous recurrence of disability related to his original accepted injury. (*Id.*) On December 18, 2002, the Employee's Compensation Appeals Board ("ECAB") reversed OWCP's decision, finding that although Plaintiff had not submitted sufficient evidence to prove his claimed recurrence, OWCP should refer him for a medical examination to determine whether the recurrence of disability was causally related to his accepted employment injury. (*Id.* ¶ 6.)

Ultimately, on June 17, 2003, OWCP accepted Plaintiff's claim of recurrence of disability. (*Id.* ¶ 7.) At that time, Plaintiff had returned to work in a limited duty capacity, working four hours a day. (*Id.* ¶ 8.) Plaintiff continued working four hours per day until April 2006, after which time his doctor indicated that he could work up to eight hours a day. (*Id.* ¶ 9.) Thereafter, on December 22, 2005, Plaintiff submitted a claim to OWCP seeking compensation for dates on which he claimed to have attended

ORDER – 2

therapy or visited a doctor. (Dec. 22, 2005 Claim (Dkt. No. 26 at 35–37).) On January 17, 2006, OWCP informed Plaintiff that his claim was not payable in its entirety because there was no medical evidence in the file to support his claim for six hours of time lost on December 21, 2005. (Jan. 17, 2006 Letter (Dkt. No. 26 at 39).) The letter also informed Plaintiff that he needed to submit additional medical evidence to support his claim. (*Id.*) Thereafter, Plaintiff continued to submit numerous claims to OWCP for compensation for time lost due to therapy. (*See* Dkt. No. 26 at 40–89.) OWCP, in turn, responded with numerous letters informing Plaintiff that compensation was not payable for therapy that was unauthorized or where OWCP did not receive documentation verifying the therapy appointment. (Duncan Decl. ¶ 13 (Dkt. No. 26-3 at 3).)

OWCP issued decisions on November 13, 2006, January 9, 2007, June 4, 2007, and January 25, 2008, in which it denied Plaintiff's various claims for compensation for time lost due to therapy. (*See id.* ¶¶ 14–17.) In each case, OWCP denied Plaintiff's claim for compensation based on Plaintiff's failure to submit treatment notes for the dates in question as requested. (*See id.*) Plaintiff apparently has not appealed any of these decisions. Plaintiff brings the instant action against Defendants alleging unlawful employment practices and negligence.

## II.     DISCUSSION

Defendant Elaine Chao requests, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) that the Court dismiss Plaintiff's complaint as to Elaine Chao for lack of jurisdiction and for failure to state a claim upon which relief can be granted. (Mot. 1 (Dkt. No. 26).) Because the Court concludes that it is without jurisdiction to review Plaintiff's claims against Chao, it does not consider Defendant's alternative basis for dismissal under Rule 12(b)(6).

### A.     Applicable Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides an avenue by which a party may move to dismiss an action for lack of subject matter jurisdiction. Subject matter jurisdiction exists where an action (1) arises under the Constitution, federal law or treaties, or falls within one of the enumerated

ORDER – 3

categories of Article III, Section 2, (2) is a "case or controversy" within the meaning of that section, or (3) is described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962). When considering a motion to dismiss under Rule 12(b)(1), a court is not restricted to the face of the pleadings, but may review any evidence to resolve factual issues relevant to the jurisdictional determination. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Consideration of material outside the pleadings does not convert the motion into one for summary judgment. *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). Once challenged, the burden of establishing the existence of subject matter jurisdiction rests on the party asserting jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

### B.    FECA Statutory and Regulatory Scheme

FECA establishes a comprehensive and exclusive workers' compensation scheme for federal employees. The Act provides that "[t]he United States shall pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty . . . ." 5 U.S.C. § 8102(a). Congress amended the Act in 1949 to provide that FECA is the federal employee's exclusive remedy against the federal government for on-the-job injuries. *See id.* § 8116. The amendment provides that "the liability of the United States . . . with respect to injury or death of an employee is exclusive and instead of all other liability of the United States . . . ." *Id.* § 8116(c). The Supreme Court has explained that section 8116(c) of FECA was "designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity." *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193–94 (1983). "In enacting this provision, Congress adopted the principal compromise . . . commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Id.* at 194.

The Secretary of Labor has the authority to administer and decide all questions under FECA and may prescribe rules and regulations necessary for the enforcement of the Act. 5 U.S.C. §§ 8145, 8149.

ORDER – 4

The Secretary has delegated responsibility for administering FECA to the Director of OWCP. 20 C.F.R. § 10.l. Once a claim is filed with OWCP, it considers the claim and issues a decision with findings of fact. *Id.* § 10.125. After receiving a final decision, a claimant may appeal OWCP's decision to the ECAB. 5 U.S.C. § 8149; 20 C.F.R. § 501.3.

Section 8128(b) of FECA provides that the courts do not have jurisdiction to review FECA claims challenging the merits of benefit determinations:

> The action of the Secretary or his designee in allowing or denying a payment under this subchapter is—
>
> (1)  final and conclusive for all purposes and with respect to all questions of law and fact; and
> (2)  not subject to review by another official of the United States or by a court of mandamus or otherwise.

5 U.S.C. § 8128(b). This "language is clear and its meaning unmistakable: Federal courts have no jurisdiction to review final judgments of the Secretary of Labor and his officers in these statutory matters, regardless of whether other, more general, statutes might seem to grant such jurisdiction." *Staacke v. U.S. Sec'y of Labor*, 841 F.2d 278, 281 (9th Cir. 1988). The Supreme Court has singled out section 8128(b) as a model preclusion-of-review statute, noting that Congress uses such "unambiguous and comprehensive" language "when [it] intends to bar judicial review altogether." *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 779–80 & n.13 (1985).

**C.  Analysis**

Plaintiff has failed to establish that this Court has jurisdiction over his claims against the Secretary of Labor, Defendant Elaine Chao. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (the plaintiff bears the burden of establishing that subject matter jurisdiction is proper). Plaintiff's Amended Complaint and Response make clear that his claims against the Secretary are based on his allegation that OWCP wrongfully denied him certain benefits. In amending his complaint to add claims against the Secretary, Plaintiff alleges that the OWCP was grossly negligent "by *wrongfully and repeatedly denying disability payments* and prescribed medical care from April 1, 2006, through

ORDER – 5

September 20, 2007." (Am. Compl. ¶ 21 (Dkt. No. 12 at 4–5) (emphasis added).) Plaintiff further alleges that the OWCP's "*[w]rongful denial of disability pay* and withholding of prescribed medical care have caused [him] financial, mental, physical and emotional distress." (*Id.* (emphasis added).) In his Response, Plaintiff contends that FECA does not bar judicial review because he is asserting that OWCP was negligent in the administration of his claim and its acts "reflect violations of duty of care owed to injured federal employees to provide *proper benefits and compensation*, as quickly as possible." (Resp. 5 (Dkt. No. 30) (emphasis added).) The alleged negligent acts committed by OWCP employees include "sloth and indifference in the performance of their jobs" and "[t]he continued reliance on the assertion of an absence of medical evidence" in denying Plaintiff's claim for benefits. (*Id.* at 5–6.) Thus, Plaintiff's contentions that OWCP was negligent in processing his claim is inextricably intertwined with his underlying substantive claim for benefits under FECA. At bottom, Plaintiff is contending that the Secretary's denial of his claim for certain benefits was wrongful and negligent. The Court is without jurisdiction to entertain such claims. *See* 5 U.S.C. §§ 8128(b), 8116(c).

Pursuant to section 8128(b) of FECA, federal courts are barred from reviewing decisions by the Secretary to pay or deny claims by federal employees.[1] 5 U.S.C. § 8128(b); *Staacke*, 841 F.2d at 281. FECA remains the exclusive remedy for federal employees even when a work-related injury is subsequently aggravated by alleged negligence or malpractice. *Vander v. U.S. Dep't of Justice*, 268 F.3d 661, 663–64 (9th Cir. 2001); *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995); *see Moe v.*

---

[1] The Ninth Circuit recognizes "two narrow exceptions to this absolute jurisdictional bar. Courts retain jurisdiction to consider constitutional challenges or claims for violation of a clear statutory mandate or prohibition." *Markham v. United States*, 434 F.3d 1185, 1187 (9th Cir. 2006). Plaintiff's claim against the Secretary satisfies neither exception. *See id.* at 1188 ("[C]hallenges to the administration of FECA claims involve questions of claims processing and customer service, not questions of due process."). Even if his Amended Complaint could be construed to assert a due process claim, Plaintiff has failed to allege sufficient facts to establish a cognizable constitutional claim against the Secretary. *See id.* (finding plaintiff's "purported constitutional claims are wholly insubstantial, rendering the federal courts without subject matter jurisdiction"). Nor has Plaintiff alleged a violation of a clear statutory mandate since the Secretary's discretion to make policy choices under FECA is "virtually limitless." *See Staacke*, 841 F.2d at 282.

*United States*, 326 F.3d 1065, 1068 (9th Cir. 2003) ("[I]f compensation is available under FECA, all other statutory remedies for claims arising under the same facts are preempted."). For example, the Ninth Circuit has interpreted FECA to take away a plaintiff's right to sue the government in tort for medical malpractice, as well as for the injury itself. *Lance*, 70 F.3d at 1095. Other Circuits reach the same conclusion. *See, e.g., Noble v. United States*, 216 F.3d 1229, 1235–36 (11th Cir. 2000); *McCall v. United States*, 901 F.2d 548, 550–51 (6th Cir. 1990). In *Noble*, a former federal employee brought a tort action against the government seeking damages for the prolonging of his pain that purportedly resulted from OWCP's delay in authorizing his surgery. 216 F.3d at 1234–35. The Eleventh Circuit held that the district court correctly determined that it lacked jurisdiction to review the Secretary's action because the underlying injury fell within FECA's coverage, regardless of whether the employee's alleged aggravated injuries were compensable under the statute's limited remedies. *Id.* at 1236.

Similarly here, Plaintiff asserts that OWCP's "sloth and indifference" exacerbated his original injury, for which some benefits had already been provided under FECA, and caused him additional injuries by wrongfully denying certain benefits. (Resp. 4–6 (Dkt. No. 30); *see* Am. Compl. ¶ 21 (Dkt. No. 12).) Because Plaintiff's underlying injury falls under FECA, the Court lacks jurisdiction over his claims against the Secretary for injury or negligence in the administration of that claim. *See Noble*, 216 F.3d at 1236; *see also Moe*, 326 F.3d at 1068 ("If a plaintiff has a colorable claim under FECA, the federal courts should dismiss any action arising under the same facts for lack of subject matter jurisdiction."). The thrust of Plaintiff's allegations against the Secretary is that OWCP wrongfully denied him benefits, and he essentially seeks to have the court independently review the substance of his claim. The Court is without jurisdiction to do so. Accordingly, the Court lacks jurisdiction over Plaintiff's claims against the Secretary because FECA provides his exclusive remedy and because FECA precludes judicial review of claims challenging the Secretary's benefit determinations.

\\

\\

ORDER – 7

III.    **CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant Elaine Chao's Motion to Dismiss (Dkt. No. 26). Accordingly, Plaintiff's complaint as to Defendant Chao is hereby DISMISSED for lack of jurisdiction.

SO ORDERED this 1st day of April, 2009.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 8